**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

        v.                                            **Criminal Action No. 1:07CR40**

**NATASHA KIANI,**
        **Defendant.**

## **REPORT AND RECOMMENDATION/OPINION**

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Natasha Kiani, in person and by counsel, Craig P. Erhard, appeared before me on July 10, 2007. The Government appeared by David Godwin, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count One of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to

the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Natasha Kiani, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count One of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the

2

undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not less than one (1) year and not more than forty (40) years; understood the maximum fine that could be imposed was $2,000,000; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated June 25, 2007, and signed by her on July 2, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District

3

Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement which provides:

> Pursuant to Sections 6B1.4, 1B1.3, and 2D1.1 [Application Note 12] of the Guidelines, the parties hereby stipulate and agree that the total drug relevant conduct of the defendant with regard to the Indictment is not less than 500 milligrams nor more than 1 gram of cocaine base.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her plea of Guilty to Count One of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in Count One of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

4

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appellate rights as contained in the written plea agreement, and determined she understood those rights and voluntarily gave them up pursuant to the stated condition as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count One of the Indictment, including the elements the United States would have to prove at trial, charging her with distribution of cocaine base within 1000' of a Playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 860.

The undersigned then heard the testimony of Government witness Tim Ankrom, who testified that he was employed by the Harrison County, West Virginia, Sheriff's Department, assigned to the Harrison/Lewis County Drug and Violent Crimes Task Force. He was involved in the investigation of drug dealing in the Harrison County area and is the case agent regarding this Indictment. As part of the investigation, the drug task force officers used a confidential informant ("CI") to make a controlled purchase of crack cocaine on March 9, 2007. The CI was given $100.00 in government funds and was equipped with audio/video recording and transmitting devices. The CI was driven to a location close to 1112 East Main Street, Clarksburg, West Virginia. The CI was dropped off and went to and entered the residence at that address. Defendant came out of a back bedroom and asked the CI what he wanted. The CI asked for "a buck" ($100.00) worth of crack cocaine. Defendant told the CI to put the money on the floor, which he did. Defendant picked up the money and went into a back bedroom. She came back and provided the drugs to the CI. The

CI left the residence and turned the drugs over to the Drug Task Force agents, who then sent the drugs to the West Virginia State Police Laboratory. The Laboratory confirmed the drugs were .28 grams of cocaine base.

Deputy Ankrom testified that 1112 E. Main Street, Clarksburg, West Virginia, is within 1000' of the Broadway Playground, as shown in a certified map prepared by Thrasher Engineering. The playground has at least three separate apparatuses, and is open to the public.

The defendant stated she heard, understood, and agreed with the facts as testified to by Deputy Ankrom. Thereupon, Defendant, Natasha Kiani, with the consent of her counsel, Craig P. Erhard, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count One of the Indictment. Defendant then testified she believed she was guilty of the offense alleged in Count One of the Indictment because she sold crack cocaine to another person for money and she knew what she was doing.

The undersigned United States Magistrate Judge concludes the offense charged in Count One of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is based on Deputy Ankrom's testimony.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count One of the Indictment; Defendant understood the consequences of her plea of guilty; Defendant made a

knowing and voluntary plea; and Defendant's plea is independently supported by the testimony of Deputy Ankrom.

The undersigned therefore recommends Defendant's plea of guilty to the felony charge contained Count One of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count One of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

The undersigned United States Magistrate Judge is aware of a promulgated amendment to the Sentencing Guidelines which may affect sentencing in crack cocaine cases, and which may become effective son November 1, 2007. The undersigned did advise the parties, however, that the Sentencing Guidelines are no longer mandatory, but are advisory only; there is no guarantee the amendment will become effective; and even if the amendment does become effective there is no guarantee that Defendant will benefit from the amendment or what Defendant's actual sentence would be. Nevertheless, the undersigned recommends that sentencing in this case be conducted after November 1, 2007, in order that Defendant may secure the benefit, if any, of the promulgated but not enacted amendment to the Guidelines. The undersigned also advised the parties that there is no guarantee the District Judge will agree with the recommendation to delay the sentencing until after November 1.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

Defendant is remanded to the custody of the United States Marshal pending a hearing on the Petition and Amended Petition for Action on Conditions of Pretrial Release filed in this case.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 12 day of July, 2007.

/s *John S. Kaull*

JOHN S. KAULL  
UNITED STATES MAGISTRATE JUDGE